# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **GARY SALONE, on behalf of himself and others similarly situated,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **CUSHMAN & WAKEFIELD U.S., INC.,** *et al.***,** ) <br> ) <br> Defendants. ) | Case No. 4:21-cv-01151 RWS <br><br> Judge Rodney W. Sippel <br><br> **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |

Representative Plaintiff Gary Salone ("Representative Plaintiff") and Defendants Cushman & Wakefield U.S., Inc. and Cushman & Wakefield, Inc. (collectively "Defendants") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations with a neutral third-party mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release and exhibits (the "Agreement");

**Exhibit 2**: Proposed Notice of Collective Action Settlement;

**Exhibit 3**: Declarations of Shannon M. Draher and Matthew J.P. Coffman (hereinafter "Draher Decl." and "Coffman Decl."); and

**Exhibit 4**: Proposed Order Granting Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that the Court approve the FLSA settlement reached by the Parties and dismiss this case with prejudice.

Respectfully Submitted,

/s/ Shannon M. Draher
Shannon M. Draher (OH 0074304)
NILGES DRAHER LLC
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

Matthew J.P. Coffman (OH 0085586)
Adam C. Gedling (OH 0085256)
Kelsie N. Hendren (OH 100041)
COFFMAN LEGAL, LLC
1550 Old Henderson Road, Suite 126
Columbus, OH 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email:  mcoffman@coffmanlegal.com
         agedling@mcoffmanlegal.com
         khendren@mcoffmanlegal.com

*Counsel for Plaintiffs*

 /s/ Kyle A. Petersen          (with permission)
Noah A. Finkel (admitted pro hac vice)
Kyle A. Petersen (admitted pro hac vice)
Kyla J. Miller (admitted pro hac vice)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Email: nfinkel@seyfarth.com
         kpetersen@seyfarth.com
         kmiller@seyfarth.com

Rosalee McNamara (33645)
Shoshanah Shanes (73010)
LATHROP GMP LLP
2345 Grand Blvd, Suite 2200
Kansas City, MO 64108
Telephone: (816) 460-5604
Facsimile: (816) 292-2001
Email: rosalee.mcnamara@lathropgpm.com
         shoshanah.shanes@lathropgpm.com

*Counsel for Defendants*

## MEMORANDUM IN SUPPORT

I. **FACTUAL AND PROCEDURAL BACKGROUND**

    A. **Summary of the Claims and Defenses.**

Representative Plaintiff filed this case on behalf of himself and others similarly situated on January 29, 2021 in the U.S. District Court for the Southern District of Ohio. In the Action, Representative Plaintiff asserts claims against Defendants under the Fair Labor Standards Act ("FLSA"). (Draher Decl., ¶ 9; Coffman Decl., ¶ 15). Specifically, Representative Plaintiff alleges that Defendants failed to pay him and others similarly situated for work performed during their unpaid meal breaks. The Parties subsequently filed a Joint Motion to transfer the case to the United States District Court for the Eastern District of Missouri. The case was transferred to this Court on September 24, 2021 and assigned Case No. 4:21-cv-1151 (the "Action"). In the Action, Representative Plaintiff asserted claims against Defendants on behalf of himself and others similarly situated under the Fair Labor Standards Act ("FLSA").

By its Order filed January 13, 2022, this Court conditionally certified a FLSA collective action pursuant to 29 U.S.C. § 216(b) of the individuals who met the following definition:

> All current and former hourly, non-exempt maintenance employees of any Cushman & Wakefield entity who worked at least forty (40) hours in any workweek and had a meal deduction applied to their compensable hours worked during the three (3) years preceding the filing of this Motion and continuing through the final disposition of this case.

Pursuant to the Court's Order, notice was issued to putative collective members. Following the notice period, 287 individuals elected to join the FLSA collective inclusive of Representative Plaintiff. The Parties mediated this issue with well-respected mediator, Kenneth P. Carlson, Jr. (Draher Decl., ¶ 13; Coffman Decl., ¶ 19). The Parties reached a settlement as a result of the mediation. (Draher Decl., ¶ 13; Coffman Decl., ¶ 19).

## B.      Summary of Key Settlement Terms.

The total settlement amount is $362,500. This amount includes: (a) all individual payments to the Plaintiffs (as that term is defined in the Agreement); (b) a service award to the Representative Plaintiff; (c) Plaintiffs' counsel's attorneys' fees and litigation expenses; and (d) the cost of settlement administration. (Draher Decl., ¶ 16; Coffman Decl., ¶ 22). If the Court approves the Settlement, a Notice of Collective Action Settlement and settlement award payment will be sent to the Plaintiffs (as identified in Exhibit B of the Agreement). In exchange for the total settlement amount and other consideration provided for in the Agreement, this lawsuit will be dismissed with prejudice, and Representative Plaintiff and the Plaintiffs will release Defendants from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA or any other applicable state or local wage-and-hour law relating to unpaid and/or untimely payment of wages, overtime, liquidated damages, attorneys' fees, costs, expenses, penalties, interest, settlement administration costs, and service awards. (Draher Decl., ¶ 16; Coffman Decl., ¶ 22).

In addition to the settlement payments to Plaintiffs, the Agreement also calls for payment to Representative Plaintiff in the amount of $7,500 in recognition of his service to the class, for which he will execute a separate general release of claims against Defendants. (Draher Decl., ¶ 17; Coffman Decl., ¶ 23). The Agreement also calls for payment to Plaintiffs' counsel of $120,833.33 (or one-third of the total settlement payment) for attorneys' fees, and reimbursement of their litigation expenses incurred in the prosecution of this action. (Draher Decl., ¶ 18; Coffman Decl., ¶ 24).

## II.     **PROPRIETY OF APPROVAL OF THE SETTLEMENT**

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement after it "determines that the litigation involves a bona fide dispute and that the

2

proposed settlement is fair and equitable to all parties." *Van Winkle v. Mick Keane's Express Delivery Service, Inc*, No. 4:21-CV-1213-NCC, 2022 WL 1122721, at *1 (E.D. Mo. Apr. 14, 2022) (quoting *Stainbrook v. Minnesota Department of Public Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017)). A bona fide dispute is present when the proposed settlement "reflects a reasonable compromise over issues actually in dispute." *King v. Raineri Constr., LLC*, No. 4:14-CV-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015). A district court looks to a multitude of factors when determining whether a class action settlement is fair and equitable to all parties, including:

> (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of the plaintiff's success on the merits; (4) any overreaching by the employer in the settlement negotiations; and (5) whether the settlement is the product of arm's length negotiations between represent parties based on the merits of the case.

*Johnson v. Himagine Solutions, Inc.*, No. 4:20-CV-00574-SPM, 2021 WL 2634669, at *4 (E.D. Mo. June 25, 2021) (citing *Stainbrook*, 239 F. Supp. 3d at 1126). Application of these principles to this settlement demonstrates that approval is warranted.

### 1.      This Litigation Involves a Bona Fide Dispute.

The proposed settlement represents a reasonable compromise over a bona fide dispute. The Parties engaged in substantial motion practice contesting key issues of the litigation including the fundamental issue of whether Defendants' maintenance employees were properly compensated for missed or interrupted meal breaks. The Parties participated in an extensive mediation before a neutral, third-party mediator culminating in this settlement. The Court has found that a bona fide dispute exists under similar circumstances. *See, e.g.*, *Del Toro v. Centene Management Co.*, No. 4:19-CV-02635-JAR, 2021 WL 1784368, at *2 (E.D. Mo. May 5, 2021); *Ezell v. Acosta, Inc.*, No. 4:16-CV-870 RLW, 2019 WL 8160704, at *2 (E.D. Mo. Apr. 4, 2019).

3

### 2. The Current Stage of the Litigation and the Discovery Exchanged Favor Approval.

The stage of the litigation as well as the discovery exchanged by the Parties weigh in favor of approval in this case. This case has been ongoing since Plaintiffs' counsel began investigating the issues in July 2020. Significant discovery has been produced, including timekeeping and payroll records from Defendants, which both Plaintiffs and Defendants used to create damages models prior to mediation. Both Parties were able to perform detailed analyses of those records to weigh the risks and possible outcomes of the case, which allowed the Parties to negotiate this settlement based on facts and data. *See Johnson*, 2021 WL 2634669, at *5 ("[t]he amount of information exchanged suggests that the parties have had a substantial opportunity to analyze liability, determine potential damages, and assess the risk associated with the claims alleged").

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Agreement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class/collective resolution.

### 3. Both Parties Have Retained Experienced Counsel.

Both Plaintiffs and Defendants have been represented by experienced counsel at all stages of this litigation. Plaintiffs' counsel have litigated over 400 wage and hour collective and class action lawsuits collectively in both federal and state court and arbitration. (Draher Decl., ¶ 7; Coffman Decl., ¶ 9). Defendants have also been represented by experienced counsel throughout this litigation. The high level of experience of the Parties' counsel favors approval of the proposed settlement.

4

### 4. The Probability of Plaintiffs' Success on the Merits Favors Approval.

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raise defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the Plaintiffs would receive no compensation or, if they do receive compensation, it will only be after protracted litigation. By settling the case at this relatively early stage of the litigation, the Parties bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the settlement. *Johnson*, 2021 WL 2634669, at *5 (finding that the proposed settlement "represents a fair and reasonable resolution of the claims in light of the risks of a lower recovery or even no recovery").

### 5. There Was No Overreaching By Defendants in the Settlement Negotiations.

As noted above, Plaintiffs were represented by counsel with extensive experience litigating wage and hour collective and class actions. The proposed settlement was also only reached after a lengthy mediation conference with an experienced wage and hour mediator. (Draher Dec., ¶ 13; Coffman Dec., ¶ 19). These facts suggest that there was no overreaching by Defendants during the settlement negotiations, and that the proposed settlement should be approved.

### 6. The Proposed Settlement Was the Product of Arm's Length Negotiations.

Lastly, this proposed settlement should be approved because it was the product of arm's length negotiations in front of an experienced and neutral third party. These negotiations were conducted based on the merits of the case and favor the approval of the proposed settlement.

5

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must examine the distribution of any service awards as well as attorney's fees and costs. Here, all components of the proposed distribution are proper and reasonable, and the Agreement as a whole is fair, reasonable and adequate for Plaintiffs.

#### 1. Representative Plaintiff's Service Award Is Proper and Reasonable.

The Agreement provides for a service award of $7,500 to Representative Plaintiff, in addition to his individual settlement payment. Courts in the Eighth Circuit evaluate the appropriateness of service awards based on: (1) actions that the plaintiff took to protect the class's interests; (2) the degree to which the class has benefitted from those actions; and (3) the amount of time and effort plaintiff expended in pursuing litigation. *Johnson* 2021 WL 2634669, at *5 (citing *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)). All three factors favor Representative Plaintiff receiving a service award.

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' counsel to evaluate the strength of this case beginning in September 2020 and continuing to the present. Representative Plaintiff assisted Plaintiffs' counsel in each step of the litigation up to and including reaching a settlement of this matter that, in counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. Representative Plaintiff also took a reputational risk by attaching his name to the litigation for the betterment of the entire class. As such, the time and efforts Representative Plaintiff provided greatly assisted counsel with prosecuting the case and support the requested service award. (Draher Decl., ¶ 17; Coffman Decl., ¶ 23).

### 2. The Attorney Fees to Class Counsel Are Proper and Reasonable.

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it reviews the Parties' agreement as to the provision of fees and costs to Representative Plaintiff's counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The Eighth Circuit has held that when examining fees that parties have already agreed to "any required review need not be a line-by-line, hour-by-hour review." *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Instead, courts assess whether the fees are fair and reasonable by considering (1) whether the fee is fixed or contingent; (2) the amount involved and the results obtained; (3) the novelty and difficulty of the questions; (4) the experience, reputation, and ability of the attorneys; and (5) awards in similar cases. *Del Toro v. Centene Management Co.*¸ No. 4:19-CV-02635-JAR, 2021 WL 1784368 at *2 (E.D. Mo. May 5, 2021) (citing *Keil v. Lopez*¸862 F.3d 685, 703 (8th Cir. 2017)).

Here, Plaintiffs are requesting that the Court approve reasonable attorneys' fees of one-third of the settlement fund. This Court has recognized that the "'percentage of the benefit' approach to calculating fees is appropriate as long as the fees are fair and reasonable." *Del Toro*, 2021 WL 1784368 at *3. The one-third sought by Plaintiffs here is well within the range of awards frequently granted by courts within the Eighth Circuit and indeed is below the higher end of that range. *See, e.g.*, *Huyer v. Buckley*, 849 F.3d 395, 398 (8th Cir. 2017) (approving fees of one third the total settlement fund and noting that "courts have frequently awarded attorneys' fees ranging up to 36% in class actions"); *Del Toro*, 2021 WL 1784368 at *3 (approving attorneys' fees of 35% of a settlement fund in a wage and hour case); *Johnson v. Himagine Solutions, Inc.*, No. 4:20-CV-00574-SPM, 2021 WL 2634669, at *7 (E.D. Mo. June 25, 2021) (approving attorneys' fees of 33% of a settlement fund in a wage and hour case); *Tanner v. Empire Financing, Co.*, No. 4:19-

7

cv-0825-SEP, 2020 WL 7316115, at *2 (E.D. Mo. Dec. 11, 2020) (same); *Meller v. Bank of the West*, No. 3:18-cv-00033-JAJ-SBJ, 2018 WL 5305562, at *9 (S.D. Iowa Sept. 10, 2018) (recommending approval of one third of the maximum settlement amount), *report and recommendation adopted¸* 2018 WL 5305556 (S.D. Iowa Oct. 1, 2018); *King v. Raineri Const., LLC*, No. 4:14-CV-1828 (CEJ), 2015 WL 631253, at *4 (E.D. Mo. Feb. 12, 2015) (approving attorneys' fees of 34% of the settlement amount).

The other factors also weigh in favor of approving Plaintiffs' attorneys' fees. Plaintiffs' counsel agreed to take this case on a contingency basis, accepting the risk that there could be no recovery. Counsel also agreed to advance all litigation fees, costs, and expenses. Counsel's risks paid off however, as the overall settlement represents the value of unpaid overtime resulting from more than one meal period per week. This case involved extensive motion practice on complex factual issues culminating in a lengthy settlement negotiation after voluminous payroll records and other data were exchanged, further justifying Plaintiffs' request. Finally, as noted, Plaintiffs' counsel are exceptionally experienced in litigating collective and class actions, specifically FLSA litigation. All five factors looked to by courts in this Circuit favor granting Plaintiffs' request for attorneys' fees.

> 3. **The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred In This Case.**

Plaintiffs' counsel should also be reimbursed for their out-of-pocket expenses and costs. By agreeing to advance all litigation fees, costs, and expenses, counsel afforded Representative Plaintiff the opportunity to pursue the interests of the class without incurring his own costs along the way. This Court has recently approved the recovery of similar litigation costs. *Johnson*, 2021 WL 2634669, at *7; *Del Toro*, 2021 WL 1784368 at *3.

8

### III. **CONCLUSION.**

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal With Prejudice; (2) approve Plaintiffs' counsel's request for attorney fees and expenses; (3) approve the requested service payment; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully Submitted,

| | |
|---|---|
| /s/ Shannon M. Draher | /s/ Kyle A. Petersen         (with permission) |
| Shannon M. Draher (OH 0074304) | Noah A. Finkel (admitted pro hac vice) |
| NILGES DRAHER LLC | Kyle A. Petersen (admitted pro hac vice) |
| 7034 Braucher St NW, Suite B | Kyla J. Miller (admitted pro hac vice) |
| North Canton, OH 44720 | SEYFARTH SHAW LLP |
| Telephone: (330) 470-4428 | 233 South Wacker Drive, Suite 8000 |
| Facsimile: (330) 754-1430 | Chicago, IL 60606 |
| Email: sdraher@ohlaborlaw.com | Telephone: (312) 460-5000 |
| | Email: nfinkel@seyfarth.com |
| Matthew J.P. Coffman (OH 0085586) | kpetersen@seyfarth.com |
| Adam C. Gedling (OH 0085256) | kmiller@seyfarth.com |
| Kelsie N. Hendren (OH 100041) | |
| COFFMAN LEGAL, LLC | Rosalee McNamara (33645) |
| 1550 Old Henderson Road, Suite 126 | Shoshanah Shanes (73010) |
| Columbus, OH 43220 | LATHROP GMP LLP |
| Telephone: (614) 949-1181 | 2345 Grand Blvd, Suite 2200 |
| Facsimile: (614) 386-9964 | Kansas City, MO 64108 |
| Email:  mcoffman@coffmanlegal.com | Telephone: (816) 460-5604 |
|           agedling@mcoffmanlegal.com | Facsimile: (816) 292-2001 |
|           khendren@mcoffmanlegal.com | Email: rosalee.mcnamara@lathropgpm.com |
| | shoshanah.shanes@lathropgpm.com |
| *Counsel for Plaintiff* | |
| | *Counsel for Defendants* |

9

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 30, 2022, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /s/ *Matthew J.P. Coffman*
                                          Matthew J.P. Coffman (OH 0085586)