UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY SALONE, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21 CV 1151 RWS ) |
| CUSHMAN & WAKEFIELD U.S., INC., et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This case is before me on the parties' joint motion for approval of their Fair Labor Standards Act ("FLSA") collective action settlement agreement and dismissal of Plaintiffs' claims with prejudice.[1]  For the reasons discussed below, the parties' motion will be granted.

## BACKGROUND

Plaintiff Gary Salone is a former maintenance employee of Defendants Cushman & Wakefield U.S., Inc. and Cushman & Wakefield, Inc. (collectively, "Cushman & Wakefield").   Salone filed this lawsuit against Cushman & Wakefield on January 29, 2021, on behalf of himself and other similarly situated employees, alleging violations of the FLSA, 29 U.S.C. §§ 201, et. seq., and Ohio's wage laws.

---

[1] The term "Plaintiffs," as used in this Memorandum and Order, refers to the individuals identified in the document attached to the parties' settlement agreement as Exhibit B.  See (Doc. 107-1).

Salone claims that Cushman & Wakefield failed to properly pay their maintenance employees overtime wages for work performed during unpaid meal breaks. Salone also claims that Cushman & Wakefield failed to maintain accurate records.

On January 13, 2022, I conditionally certified a FLSA collective action pursuant to 29 U.S.C. § 216(b). The conditionally certified collective action includes all current and former hourly non-exempt maintenance employees of Cushman & Wakefield who, during the three years preceding January 13, 2022, and continuing through the final disposition of this case, worked at least forty hours in a workweek and had a meal-break deduction applied to their compensable hours. Notice was issued to putative collective members, and following the notice period, a total of 287 individuals elected to opt-in and join the FLSA collective action.[2] The parties later participated in mediation and reached a settlement agreement.

## DISCUSSION

In their motion, the parties request that I approve their settlement agreement and dismiss Plaintiffs' claims with prejudice. The parties also request that I approve an award of attorneys' fees to Plaintiffs' counsel; approve reimbursement to Plaintiffs' counsel of their litigation expenses; approve a service award to Salone; and retain jurisdiction over this case to enforce the settlement agreement if necessary.

---

[2] The 287 individuals are identified in the document attached to the parties' settlement agreement as Exhibit B. See (Doc. 107-1). Salone is included in this total number of individuals.

2

## A. Settlement Agreement

It is unclear whether judicial approval of the parties' settlement agreement is required. See Barbee v. Big River Steel, LLC, 927 F.3d 1024, 1026–27 (8th Cir. 2019) (finding it unnecessary to express a view on the circuit split on whether judicial approval is required for all FLSA settlements); Melgar v. OK Foods, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review."). Courts in this district typically review a settlement agreement's "FLSA-related terms for fairness to ensure the parties are not left in an 'uncertain position.'" Del Toro v. Centene Mgmt. Co., LLC, No. 4:19-CV-02635-JAR, 2021 WL 1784368, at *1 (E.D. Mo. May 5, 2021) (citing King v. Raineri Const., LLC, No. 4:14-CV-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015)). I will follow this approach.

A district court may approve a FLSA settlement agreement only if it finds that "the litigation 'involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties.'" Id. (quoting Fry v. Accent Mktg. Servs., LLC, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014)). The requirement that the litigation involve a bona fide dispute is satisfied when the settlement agreement "reflects a reasonable compromise over issues that are actually in dispute." Van Winkle v. Mick Keane's Express Delivery Serv., Inc., No. 4:21-CV-1213-NCC, 2022 WL 1122721, at *1 (E.D. Mo. Apr. 14, 2022) (internal

3

quotation marks omitted). In determining whether a settlement agreement is fair and equitable, a district court considers "the totality of the circumstances," including "'the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success.'" Id. (quoting Berry v. Best Transp., Inc., No. 4:16-CV-00473 JAR, 2020 WL 512393, at *1 (E.D. Mo. Jan. 31, 2020)).

The parties' settlement agreement will be approved. First, the settlement agreement arises out of litigation that involves a bona fide dispute. The parties engaged in substantial motion practice in this case, contesting key issues, including the fundamental issue of whether Cushman & Wakefield's maintenance employees were properly compensated for missed or interrupted meal breaks. The parties also participated in extensive mediation before a neutral, third-party mediator. Under these circumstances, I find that the litigation in this case involves a bona fide dispute. See, e.g., Del Toro, 2021 WL 1784368, at *2.

After considering the totality of the circumstances, I also find that the parties' settlement agreement is fair and equitable to all parties. The parties have litigated this case for almost two years and have produced a substantial amount of discovery. At the same time, this case is not so far along that the parties will not realize significant benefits as a result of their settlement. In addition, the parties have been represented by experienced counsel throughout this case, and the settlement amount

4

reflects a compromise based on the merits of the claims. Under these circumstances, I find no basis to doubt that the parties' settlement agreement is a fair and equitable resolution of a bona fide dispute. See id. (noting the "strong presumption in favor of finding a settlement fair").[3]

### B. Attorneys' Fees and Litigation Expenses

A district court's review of an award of attorneys' fees included in a settlement agreement "requires a certain level of deference … to the parties' agreement" and need not involve a "line-by-line, hour-by-hour review." Melgar, 902 F.3d at 779. A district court reviews such an award of attorneys' fees only to determine whether it is "fair and reasonable." Johnson v. Himagine Sols., Inc., No. 4:20-CV-00574-SPM, 2021 WL 2634669, at *6 (E.D. Mo. June 25, 2021) (citing Melgar, 902 F.3d at 779 and Del Toro, 2021 WL 1784368, at *2). When making this determination, a district court considers several factors, including "(1) whether the fee is fixed or contingent; (2) the amount involved and the results obtained; (3) the novelty and difficulty of the questions; (4) the experience, reputation and ability of the attorneys; and (5) awards in similar cases." Id. (citing Keil v. Lopez, 862 F.3d 685, 703 (8th Cir. 2017)).

---

[3] I note that I have reviewed and approved only the material terms of the parties' settlement agreement as they relate to the FLSA claims asserted in this case. "'No opinion is necessary as to the enforceability of other terms and none is given [because] … review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims.'" King, 2015 WL 631253, at *4 (quoting Carrillo v. Dandan Inc., No. 13-671(BAH), 2014 WL 28900309, at *5 (D.D.C. June 26, 2014)).

The request of Plaintiffs' counsel for an award of attorneys' fees will be approved. Plaintiffs' counsel request that I approve an award of attorneys' fees equal to one-third of the settlement amount, which is $362,500, for a fee award of $120,833.33. I find that this agreed-upon award of attorneys' fees is fair and reasonable. Plaintiffs' counsel took this case on a contingency basis. The settlement amount is substantial. Plaintiffs' counsel has demonstrated their expertise and experience in class action litigation and FLSA litigation specifically. And the one-third of the settlement amount sought by Plaintiffs' counsel is within the range that has been found to be fair and reasonable in other FLSA settlements. See, e.g., Johnson, 2021 WL 2634669, at *7; Del Toro, 2021 WL 1784368, at *3. Considering these factors, I find that the award of attorneys' fees sought by Plaintiffs' counsel is fair and reasonable. The request of Plaintiffs' counsel for reimbursement of their litigation expenses, which totaled $18,299.66, will also be approved as fair and reasonable under the circumstances.

  **C. Service Award**

In assessing the reasonableness of a service award to a representative plaintiff, a district court considers: (1) the actions the plaintiff took to protect the class's interests; (2) the degree to which the class benefitted from those actions; and (3) the amount of time and effort the plaintiff expended in pursuing the litigation. Johnson, 2021 WL 2634669, at *5; Del Toro, 2021 WL 1784368, at *3.

The requested service award of $7,500 to Salone will be approved. Plaintiffs' counsel state in their declarations that Salone assisted them in each step of this case up to and including the reaching of a settlement that fairly and adequately compensates collective members for alleged unpaid wages. Plaintiffs' counsel also state that Salone took a reputational risk by attaching his name to this case for the benefit of the collective. In addition, the parties state in their motion that Salone contributed significant time, effort, and detailed factual information, which enabled Plaintiffs' counsel to evaluate the strength of this case. In light of Salone's participation and the benefit that other collective members received as a result, I find that the requested service award to Salone is fair and reasonable. See Caligiuri v. Symantec Corp., 855 F.3d 860, 867 (8th Cir. 2017) (noting courts within the Eighth Circuit "regularly grant service awards of $10,000 or greater").

## CONCLUSION

I have reviewed the parties' motion, their submissions in support of their motion, and their settlement agreement. After careful review, I find that the settlement agreement reflects a fair and equitable resolution of a bona fide dispute, that the requested award of attorneys' fees to Plaintiffs' counsel is fair and reasonable, that reimbursement to Plaintiffs' counsel of their litigation expenses is fair and reasonable, and that the requested service award to Salone is fair and reasonable. For these reasons, the parties' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for approval of their FLSA collective action settlement agreement and dismissal of Plaintiffs' claims with prejudice [107] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' settlement agreement is **APPROVED**.

**IT IS FURTHER ORDERED** that the request of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of litigation expenses is **APPROVED**.

**IT IS FURTHER ORDERED** that the requested service award to Plaintiff Gary Salone is **APPROVED**.

**IT IS FURTHER ORDERED** that the claims of Plaintiffs will be **DISMISSED** with prejudice.[4]

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this case to enforce the terms of the parties' settlement agreement if necessary.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February 2023.

---

[4] I reiterate that the term "Plaintiffs," as used in this Memorandum and Order, and the accompanying Judgment, refers to the individuals identified in the document attached to the parties' settlement agreement as Exhibit B.  See (Doc. 107-1).